## Athens, Sayre & Waverly Electric Street Railway, Appellant, *v.* Sayre Borough et al.

*Electric railways—Consent of borough—Preliminary injunction.*

A preliminary injunction restraining a borough from interfering with the construction of a street railway will not be continued, where the resolutions and ordinances of the borough council granting the consent of the borough to the construction of the railway are conditional in character, and it is doubtful whether the plaintiff company has accepted them, and it is also alleged by defendant that the resolutions and ordinances were never signed by the burgess or advertised or posted as required by law.

Argued May 4, 1893.    Appeal, No. 425, Jan. T., 1893, by plaintiff, from decree of C. P. Bradford Co., Feb. T., 1893, refusing to continue preliminary injunction against Sayre Borough and Waverly, Sayre & Athens Electric Traction Co.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

Bill for injunction to prevent interference with construction of street railway.

The court below filed the following opinion by PECK, P. J.:

" On the 27th of January, 1893, the plaintiff filed a bill, in which it is alleged that the plaintiff company was duly incorporated on the 16th day of February, 1891, under the provisions of the act of the 14th day of May, 1889, entitled ' An Act to provide for the incorporation and government of street railway

companies in this commonwealth,' P. L. 211. That the plaintiff company obtained consent of the 'local authorities' of the said borough of Sayre, to locate, construct and maintain its street railway over and upon the streets of the said borough, mentioned in the said bill. That on or about the 3d January, 1893, the plaintiff entered upon Lockhart and Desmond streets, and located and constructed about six hundred feet of the track of its said railway. That on the 9th of January, 1893, the burgess and town council caused said track to be torn up and removed, against the protest of the plaintiff.

" That the defendant, the Waverly, Sayre & Athens Electric Traction Company, was organized after the plaintiff had acquired its rights, and said defendant had declared its intention and is now making preparations to occupy the streets of said borough with the tracks of its street railway, and that said defendant is aiding and abetting the burgess and town council in their efforts to destroy the plaintiff's vested rights. That the burgess and town council have threatened and declared their intention of forcibly preventing the plaintiff from constructing its railway upon the streets of said borough. And praying for an injunction, etc.

" On the day set down to hear the motion to continue the preliminary injunction the burgess and town council appeared and denied that the 'local authorities' of the borough of Sayre had ever given their consent to the Athens, Sayre & Waverly Electric Street Railway Co., plaintiff, to locate, construct or maintain a street railway upon the streets of the said borough. That the track laid by the plaintiff upon Lockhart and Desmond streets in said borough was laid without the consent of the 'local authorities' and against their protests; and was removed because the said track was an obstruction and a nuisance in the streets of said borough.

" The defendant, the Waverly, Sayre & Athens Electric Traction Co., deny that they have in any way aided or abetted the burgess or town council in any effort to destroy any of the vested rights of the plaintiff.

" It appears to me that contention between the parties in this cause turns upon the question as to whether the 'local authorities' of the Borough of Sayre had given consent to the plaintiff to locate, construct and maintain its street railway upon

the streets of said borough. The plaintiff contends that this authority was given by the resolution and ordinance of February 1, 1892, and also by the resolution of December 5, 1892.

" At a meeting of the borough council on the 1st of February, 1892, a petition of citizens was presented asking that the right of way be granted to the Athens, Sayre & Waverly Electric Street Railway Co.

" After due consideration, Mr. Shearer moved that the franchise and right of way be granted to the Athens, Sayre & Waverly Electric Street Railway upon the streets named in their petition, subject to certain restrictions and regulations to be hereafter approved by council, and upon the further condition that the said railway company execute and deliver to said borough a bond in the sum of one thousand dollars, conditional that said company shall begin active operation in the construction of said road within one year from date. Motion carried. W. H. Florey of committee on ordinance presented for consideration the following ordinance entitled 'An ordinance granting the Athens, Sayre and Waverly Electric Street Railway Company the right to use certain streets in the Borough of Sayre and regulating said use : '

" ' Sec. 1. Be it enacted by the town council of the borough of Sayre and it is hereby enacted by the authority of the same, that consent and right is hereby given to the Athens, Sayre & Waverly Electric Railway Co. to construct, maintain and operate a street railway upon the following streets of the borough of Sayre, to wit, etc.'

" ' After due consideration said ordinance was on motion adopted section by section, and on motion of Mr. Shearer was approved as a whole. On motion the clerk was directed to present said ordinance to the Athens, Sayre & Waverly Electric Street Railway Company for their acceptance. On motion the council then adjourned to meet on Monday evening, February 8, 1892.'

" ' February 8, 1892, at an adjourned meeting of the council the Burgess stated the object of the meeting to be to hear the report of the Athens, Sayre & Waverly Electric Street Co. as to accepting the provisions, rules and regulations set forth in the ordinance approved February 1, 1892.'

" The secretary of the company then made report that all

the sections of said ordinance, excepting the 18th were accept-
able and would be agreed to. Then the company offered the
following as a proviso to section 18 : 'Provided, however, that
this section shall not apply to any loss, damage or liability that
may occur by reason of a prior right granted to any other com-
pany or companies, or any or all ordinances that may hereafter
be adopted covering said right.' Also that a new section (20)
be added.

" 'Sec. 20. Any and all resolutions or ordinances conflict-
ing herewith are hereby repealed.' After due consideration
―― Shearer moved that the proviso as offered and the addi-
tion to the ordinance, No. 20, be refused. Motion carried.
By request of company the further consideration of their ac-
ceptance of said ordinance was continued until next meeting.

" At the next meeting of the council the Athens, Sayre &
Waverly Electric Street Railway Co. made report that owing
to the absence of a majority of the directors of said company
'it was impossible to make report of their acceptance or rejec-
tion of the provisions of said ordinance at the present meeting.'

" It is alleged on the part of the defendant 'that nothing
further was done or proposed by said company until notice
had been given them pursuant to a resolution of the council
to appear and show cause why any and all previous action
upon their petition should not be vacated. That at a meeting
of the council held November 26th, the said company, by Lewis
Eighmey, appeared with a notice accepting the proposed ordi-
nance; that at the same meeting H. F. Maynard, Esq., who
appeared as a member of said company, and as counsel for the
same, and objected to any action by the Sayre borough council
on the ground that the present organization of said railway
company was irregular and illegal, whereupon the council de-
clared all preceding action void, with leave to present a new
petition.

" At a meeting of the council, Dec. 5, 1892, 'Petitions of
the Athens, Sayre & Waverly Electric Street Railway Co.,
and the Sayre Traction Co., for the right of franchise to build
a street railway through the streets of the borough of Sayre
were read and ordered placed on file. It was moved by Coun-
cilman Lynn, and duly seconded, that the right of way be
granted the Athens, Sayre & Waverly Electric Street Railway

Co., subject to such ordinance and restrictions as the council may draw up.   Motion carried.'

"At a regular meeting of the council, Jan. 2, 1893, notice from the Athens, Sayre & Waverly Electric Street Railway Co. accepting the franchise granted Dec. 5, 1892.   Moved and carried that this communication be deferred for future action. Moved that the resolution passed Dec. 5, 1892, in relation to granting the franchise to the Athens, Sayre & Waverly Electric Street Railway Co. be reconsidered.   Motion carried.   Moved that the resolution be amended as follows by striking out the words 'The Athens, Sayre & Waverly Electric Street Railway Co.,' and inserting in their place the words 'The Waverly, Sayre & Athens Electric Traction Co.'· Motion carried. Moved that the resolution, as amended by this council, be adopted.   Motion carried.

"It is alleged on the part of the defendant that none of the motions, resolutions or ordinances heretofore referred to were ever signed by the burgess, nor were any of them ever published in a newspaper, or posted as required by law.

"I have not mentioned the fact that the plaintiff claims that after the passage of the resolution of Dec. 5, 1892, it expended large sums of money in the purchase of ties, iron rails and other materials for the construction of its railway, sold stock and did other acts on faith of said resolution.   Nor that the defendants claim that, at the time of the passage of the resolution of Dec. 5, 1892, the plaintiff represented that it had the right to construct and operate its railway over and upon the streets of the village of Waverly in the state of New York, one of the proposed termini of said railway, that on or about Dec. 20, 1892, it was refused the right to lay its tracks in the said village of Waverly, thereby cutting off an important part of the proposed line desired by the defendants.   And the further fact, as claimed by the defendants, that all the expenditures on the part of the plaintiff were made after the resolution of Dec. 5, 1892, was rescinded, and with full knowledge of all the facts.   Because, under my view of the law, the only question to be considered is, have the local authorities of the borough of Sayre given consent to the plaintiff company to locate, construct and operate its railway over and upon the streets of said borough?   If they have, the fact that the plaintiff has spent large sums of money

adds nothing to it. If consent has not been given the expenditure of money cannot cure the want of it. The plaintiff's charter gave the company a legal existence, clothed it with corporate power, placing it in a position to undertake the purposes for which it was organized, and to solicit the privilege of entering upon the streets in question to construct their road ; but their right so to do was expressly conditioned upon the action of the council to that effect. Until they obtain that right, they cannot be said to suffer any special damage or irreparable injury, which would call for the intervention of equity : 137 Pa. 533, Larimer Railway Co. v. Railway Co. I take it to be equally true that where the local authorities have granted their consent, it cannot be revoked without the consent of the company or a forfeiture in some way of its rights.

" Upon the hearing in this case there was some discussion as to what manner the local authorities were required to give their consent, whether by resolution or ordinance. This question was fully discussed by Chief Justice Lowrie, in Kepner v. Commonwealth, 40 Pa. 124, in which he says : ' that a resolution is only a less solemn or less usual form of an ordinance. It is an ordinance still, if it is anything intended to regulate any of the affairs of the corporation. Ordinance, then, is the generic term for acts of council affecting the affairs of the corporation ; and we can make no distinction between them founded on difference of degree in which they affect those affairs : " Sower v. The City of Philadelphia, 35 Pa. 231 ; Waln v. Philadelphia, to the use of Armstrong, 99 Pa. 330.

" [The consent of the local authorities, under the act of 1889, is a grant to the company of the right to enter upon the public streets of the borough and construct its tracks, turnouts and switches, and to run its cars without willful obstruction between its stations. And for this purpose it may dig up the streets to lay its track and for all necessary repairs, and do all other things required and necessary to carry out the purposes of its charter. To this extent the rights of the public are abridged, by having placed in the streets that which without such consent would constitute a public nuisance.] [1] Can consent of the local authorities under the act of 1889 be given to a street railway company to occupy the streets of a borough without

the motion, resolution or ordinance being signed by the burgess and published as required by the act of 1851? I do not decide this question, because to do so might be to decide the case without properly having the facts before me. As the case now stands, I do not think that the plaintiff has shown such a clear right to the relief as asked for, as to entitle it to the continuance of the injunction. Rule to continue injunction discharged."

*Errors assigned* were, (1) portion of opinion in brackets, quoting it; (2) above order.

*E. Overton* and *James H. Torrey*, *H. F. Maynard* with them, for appellant, cited: Dillon, Mun. Corp. § 331; Philadelphia & Trenton R. R., 6 Whart. 25; Smith v. Simmons, 103 Pa. 32; Wood v. McGrath, 150 Pa. 451; Larimer Ry. v. Ry., 137 Pa. 533; Porch v. St. Bridget's Cong., 81 Wis. 599; Klingler v. Bickel, 117 Pa. 326; McGee's Ap., 114 Pa. 470; Pittsburgh's Ap., 115 Pa. 4; Easton Pass. Ry. v. Easton, 133 Pa. 505; Endlich, Int. Statutes, sec. 8; People v. O'Brien, 111 N. Y. 1.

*C. Heydrick*, *A. C. Wade* and *D'. A. Overton* with him, for Traction Co., cited: Purd. Dig. 210; Fuller v. Scranton, 18 W. N. 18; Verona Borough's Ap., 108 Pa. 83; Waln v. Phila., 99 Pa. 330; Sower v. City, 35 Pa. 231; Parrish v. City, 2 Kulp, 182; Marshall v. Mayor, 59 Pa. 455; Art. XVII, § 9, Const.; Conboy v. Iowa City, 2 Iowa, 90; Higley v. Bunce, 10 Conn. 436; Meyer v. Fromm, 108 Ind. 208; State v. Mayor of Hoboken, 9 Vroom, 110; Barnett v. Newark, 28 Ill. 62; Schwartz v. Oshkosh, 55 Wis. 490; City of Napa v. Easterby, 61 Cal. 509; Hoboken v. Gear, 3 Dutch. 265; Elizabethtown v. Lefler, 23 Ill. 90; O'Hare v. Town of Park River, 47 N. W. R. 380; Zottman v. San Francisco, 20 Cal. 96; Coffin v. City of Portland, 43 Fed. R. 411; Twiss v. City of Port Huron, 63 Mich. 528; Whitney v. Port Huron, 88 Mich. 268; Zoebisch v. Rauch, 133 Pa. 532; Maitland v. Wilcox, 17 Pa. 231; Borland v. Guffey, 1 Gr., Pa. 394.

*James H. Codding*, for Sayre Borough, not heard.

PER CURIAM, June 7, 1893:

The single question presented by this record is whether the learned president of the common pleas erred in refusing to continue the preliminary injunction. As at present advised, we are not convinced that he did, and therefore affirm the decree without expressing any opinion as to the merits of the questions that appear to be involved in the contention. It will be time enough for that when the facts are fully developed and the case comes here, if it ever does, after full and final hearing in the court below.

Decree affirmed and appeal dismissed at appellant's costs.