# The City of McKeesport *v.* Citizens Passenger Railway Co., Appellant.

*Municipal law—Street railways—Municipal consent—Police powers.*

A street railway must obtain consent of the municipality to lay its tracks and the municipality may impose terms.   Consent having been given a railway company on certain terms imposed by the ordinance and accepted by the company, such ordinance does not exempt, on the ground of implied repeal, the railway company from liability to respond to the exactions of the police regulations imposed by the prior general ordinances.

Argued April 15, 1896.   Appeal, No. 101, April T., 1896, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1895, No. 1030, on case stated.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed.

Case stated.   Before WHITE, J.   Judgment for plaintiff for $243.10.

And now, June 28, 1895, this case is submitted to the court for its decision, and the following facts are agreed upon :

First. The city of McKeesport, on the 12th day of August, 1892, passed the ordinance, a copy of which is attached to the plaintiff's statement, and on the 10th day of October, 1892, the

250   McKEESPORT CITY *v.* PASS. RY. CO., Appellant.

Statement of Facts—Opinion of the Court.   [2 Super. Ct.

said city passed the ordinance granting the consent to the use of certain streets to the defendant, a copy of which ordinance is attached to the defendant's affidavit.   The defendant has complied with all the terms and conditions of the said ordinance of the 10th of October, 1892.

If, under the above facts and the law applicable thereto, the court should consider that the defendant is liable under the ordinance of the 12th of August, 1892, then judgment be entered against it for $243.10, but if otherwise, then judgment be entered in favor of the defendant, with leave to either party to appeal as in other cases.

The ordinance of August 12, 1892, is recited in full in the preceding case of McKeesport v. Ry., and the ordinance of October 10, 1892, is set out at length in the opinion of the Superior Court in this case.

*Error assigned* was entry of judgment in favor of the plaintiff.

*J. H. Beal*, with him *W. B. Rodgers*, for appellant.

*T. C. Jones*, for appellee.—Repeals by implication are never favored by law: 17 Am. & Eng. Ency. of Law, 247.

"It is the duty of the city to see that the poles are safe and properly maintained, and should a citizen be injured in person or property by reason of such neglect, an action might lie against said city by reason of the consequence of such neglect.   It has been decided frequently, in this state, that the fee charged was reasonable : " See City of Allentown v. Western Union Telegraph Company, 148 Pa. 117 ; City of Chester v. City of Philadelphia, Reading & Pottsville Railway Company, 148 Pa. 120 ; Chester City v. Western Union Telegraph Company, 154 Pa. 464.

OPINION BY WILLARD, J., July 16, 1896 :

In an opinion this day filed in the case of the city of McKeesport v. McKeesport and Reynoldton Passenger Railway Company, we held the ordinance of August 12, 1892, ordained and enacted by the city of McKeesport, a valid and binding ordinance, and a reasonable exercise of the police power, and that

the municipal authorities could not, by ordinance and agreement in writing, barter away the police power vested in the city of McKeesport by the state. The ordinance of August 12, 1892, is fully set forth in the said opinion and need not be here inserted. The appellant in this case seeks to nullify the operation of that ordinace so far as it affects the Citizens Passenger Railway Company, and contends that another ordinance, approved October 10, 1892, entitled " An ordinance granting the Citizens Passenger Railway Company the use of certain streets and avenues in the city of McKeesport," repeals the ordinance of August 12, 1892.

The first section of the ordinance of October 10, 1892, grants to the appellant the right to construct double or single tracks on certain streets ; to erect poles thereon to support a system of overhead wires for the distribution of electricity as a motive power ; and the right to complete the electric circuit by connecting the rails by a supplemental ground wire.

The second section designates over thirty streets to be occupied and provides for such occupancy within two years or a forfeiture of the right.

The third section prescribes certain conditions to be performed by the railway company. The first clause thereof relates to the kind of rails to be laid and poles to be erected and the manner of constructing the roadbed. The second clause of the third section provides that the company shall pay into the city treasury fifty dollars ($50.00) per annum for each car owned by it and running regularly upon its tracks. The third clause of the section provides for the removal of the tracks under certain circumstances and the replacement of the same. The fourth clause provides that the company shall not unnecessarily obstruct public travel.

The fifth section fixes the rate of fare at 5 cents for a single ticket, or six tickets for 25 cents. The sixth and seventh clauses of the section provide for transfers without further charge.

The fourth section of the ordinance provides when the work on the road shall be commenced and a portion of it completed, and that the work shall be done under the supervision of the city engineer.

The fifth section provides that the company shall be subject

to all the conditions of the ordinances now in force, or which may hereafter be enacted by the city relating to tearing up of streets and avenues within the city.

The sixth section provides for filing with the city clerk, within ten days of the passage of the ordinance, the acceptance of its terms by the company.

The seventh section provides that "So much of any ordinance as may conflict with or be supplied by the foregoing, be and the same are hereby repealed."

By a constitutional provision the appellant had no right to occupy the streets without express consent of the councils of McKeesport. Without such consent the appellant would have been a trespasser the moment it attempted to occupy the streets or avenues with its tracks, poles or wires. To obtain the city's consent, it must consent as it did to the conditions imposed by the terms of the ordinance. The city had the right to exact the conditions, and without full compliance with the terms the appellant had no right to occupy the streets or avenues for any purpose: Athens, Sayre & Waverly Elec. Street Railway v. Sayre Borough, 156 Pa. 23; Lehigh Coal and Navigation Co. v. Inter-County Street Railway Company, 167 Pa. 126; Plymouth Township v. Norristown and Chestnut Hill Railway Co., 168 Pa. 181; Allegheny v. Millville, Etna & Sharpsburg Street Railway Co., 159 Pa. 411.

If the railway company did not like the conditions, it was under no obligation to accept them, and the city could not compel it to build its railway. The municipality is the sole master of the situation by virtue of the constitution, and neither legislature nor court can dislodge it from its vantage ground. It has the right to consent and the power, almost, if not absolute, to provide conditions in return. The appellant, however, contends that by the terms of the ordinance it now has the right to impose conditions upon the city not contained in the ordinance in express terms or by reasonable implication. The condition attempted to be imposed is that the city cannot enforce its police regulations contained in the general ordinance of August 12, 1892, providing for the payment of a license fee by every telegraph, telephone, electric light, electric power, heating company, street car company and all other persons, companies or corporations owning, erecting, maintaining, using or permitting

to stand upon the highways of the city of McKeesport any pole or poles at the rate of $1.00 per pole per annum.

When the ordinance of October 10 was passed giving the consent of the city to the occupancy of its streets by the appellant, the general ordinance above referred to was the law of McKeesport and was binding upon every person or corporation who might desire to obstruct its highways · by the erection of poles thereon.   The license fee was fixed and known to the appellant; the argument that it is only applicable to companies or individuals then using poles is fallacious, nor is the fact that the city required the payment of $50.00 per annum into its treasury by the company for each car in regular use as one of the conditions of its consent, any indication that the city did not intend to collect the license fee in question.   On no principle of construction can any such conclusion be reached.   Equally groundless is the contention that the fifth section of the ordinance of October 10 repeals (so far as the appellant is concerned) the license ordinance of August 12.   The fifth section is mere surplusage and meaningless.   If any ordinances of the character therein recited were then in force, they certainly would remain so without the aid of the fifth section.   By no line of sound reasoning can the conclusion be reached that the said section by implication repeals the ordinance of August 12, 1892.

It is undoubtedly true that if the ordinance of October 10 is in conflict with or supplies that of August 12, the latter must give way, but by a careful investigation we do not reach the same conclusion as the appellant and find the ordinances in no way conflicting, nor do we find that the latter supplies any part of the former, and we concur with the learned trial judge where he says in his opinion " it requires considerable ingenuity to raise such a contention," and we also concur with him in entering judgment on the case stated in favor of the plaintiff for the amount claimed.   The judgment is affirmed.